929 So.2d 1145 (2006)
STATE of Florida, Appellant/Cross-Appellee,
v.
Joseph SHAW, Appellee/Cross-Appellant.
No. 5D05-1947.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
*1146 James S. Purdy, Public Defender, and Michael S. Becker, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.
ORFINGER, J.
After a jury determined that Joseph Shaw was a sexually violent predator requiring involuntary civil commitment pursuant to sections 394.910-.930, Florida Statutes (2001) (the "Jimmy Ryce Act"), the trial court granted Shaw's motion for a directed verdict, which it had earlier taken under advisement.[1] Because we conclude that the State presented adequate evidence to support the jury's verdict, we reverse and remand with directions that the verdict be reinstated.
The State filed a petition for Shaw's involuntary civil commitment under the Jimmy Ryce Act and a jury trial ensued, during which both sides presented substantial, and often conflicting, testimony. The State's experts diagnosed Shaw as suffering from paranoid-type schizophrenia, paraphilia not otherwise specified[2] ("paraphilia NOS") and a conduct disorder. The State's experts concluded that Shaw posed a danger to the community if not committed for long-term care and treatment. While Shaw's experts agreed that he suffered from paranoid-type schizophrenia, they disagreed with the diagnosis of paraphilia NOS. One of Shaw's experts testified that paraphilia NOS is a "bogus diagnosis, not recognized by the American *1147 Psychiatric Association." That same expert also testified that there is "no scientific test available that allows us to predict the future risk of a juvenile sex offender [such as Shaw] reoffending as an adult with an acceptable level of accuracy." Shaw's second expert offered similar testimony.
At the close of the evidence, Shaw moved for a directed verdict, arguing that his prior sexual offenses were the result of his schizophrenia and not a mental abnormality or personality disorder. The trial court took the motion under advisement, but granted it post-trial after the jury unanimously found that Shaw was a sexually violent predator.[3]
A motion for a directed verdict should be granted only when there is "no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party." Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999). "In reviewing such an order, the appellate court must view the evidence in a light most favorable to the non-moving party, resolve all conflicts in the evidence in favor of the non-movant, and construe every reasonable conclusion which may be drawn from the evidence in favor of the non-movant." McQueen v. Jersani, 909 So.2d 491, 492-93 (Fla. 5th DCA 2005).
To be civilly committed as a sexually violent predator under the Jimmy Ryce Act, the State must prove, by clear and convincing evidence, that the alleged predator "(1) has been convicted of an enumerated sexually violent offense; and (2) suffers from a mental abnormality[4] or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." State v. White, 891 So.2d 502, 502-03 (Fla.2004). The first element was not disputed, as Shaw was previously convicted of sexual battery against his nine-year-old brother in violation of section 794.011, Florida Statutes. See § 394.912(9)(d), Fla. Stat. (2001). Further, both sides agreed that Shaw suffers from some sort of mental abnormality. However, the parties disagreed as to whether Shaw's mental illness makes him eligible for involuntary civil commitment.
In defending the trial court's order, Shaw relies on section 65E-25.003(3) of the Florida Administrative Code, which provides that "an individual cannot be considered to meet the criteria for involuntary civil commitment as a sexually violent predator if the individual's propensity to commit sexually violent offenses is wholly attributable to a mental illness as defined in Section 394.455, Florida Statutes (200[1])." Section 394.455, Florida Statutes (2001), defines "mental illness" as "an impairment of the mental or emotional processes that exercise conscious control of one's actions or of the ability to perceive or understand reality, which impairment substantially interferes with a person's ability to meet the ordinary demands of living, regardless of etiology...." In light of this provision, Shaw argues that he could not be involuntarily committed as a sexually violent predator because the State failed to prove *1148 that his sexual acts were not wholly attributable to his schizophrenia.
The State argues that section 65E-25.003(3) only addresses the requirements for filing a petition for commitment, and has no application to a trial court's ruling on commitment under the Jimmy Ryce Act. The State also observes that the rule did not become effective until well after its petition to commit Shaw was filed. We need not address the State's technical arguments regarding the impact of section 65E-25.003(3) because there was ample evidence presented at trial to support the State's position and the jury's conclusion that Shaw's sexual misconduct was not wholly caused by his schizophrenia.
The testimony in this case demonstrated clear differences of opinion among the experts concerning whether Shaw is a sexually violent predator. The State's experts all diagnosed Shaw with paraphilia NOS, while Shaw's experts attributed his improper sexual behavior solely to his schizophrenia. In determining whether a person is a sexually violent predator, disputed expert testimony generally creates a question for the jury such that a directed verdict is improper. Galloway v. State, 900 So.2d 652, 653 (Fla. 5th DCA 2005). On appeal, this Court must resolve all conflicts in the evidence and construe every reasonable conclusion which may be drawn from the evidence in favor of the non-movant. McQueen, 909 So.2d at 492-93. Viewing the evidence in a light most favorable to the State, we conclude that there was legally sufficient evidence upon which a jury could predicate a verdict in the State's favor.
Finding no merit in the other issues presented by the parties, we reverse the trial court's order granting Shaw's motion for directed verdict and remand with directions that judgment be entered consistent with the jury's verdict.
REVERSED AND REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Although the trial court styled its order as one granting a judgment notwithstanding the verdict, it was, in actuality, an order on Shaw's motion for a directed verdict. We consider and determine it in accordance with the relief requested in the motion. De Mendoza v. Bd. of County Comm'rs, 221 So.2d 797 (Fla. 3d DCA 1969).
[2] The Diagnostic and Statistical Manual of Mental Disorders  Fourth Edition ("DSMIV") published by the American Psychiatric Association is the primary diagnostic referenced by mental health professionals in the United States. In its section on paraphilias, the DSM-IV states:

The essential features of a Paraphilia are recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other nonconsenting persons that occur over a period of at least 6 months.... For some individuals, paraphilic fantasies or stimuli are obligatory for erotic arousal and are always included in sexual activity. In other cases, the paraphilic preferences occur only episodically (e.g., perhaps during periods of stress), whereas at other times the person is able to function sexually without paraphilic fantasies or stimuli. For Pedophilia, Voyeurism, Exhibitionism, and Frotteurism, the diagnosis is made if the person has acted on these urges or the urges or sexual fantasies cause marked distress or interpersonal difficulty. For Sexual Sadism, the diagnosis is made if the person has acted on these urges with a nonconsenting person or the urges, sexual fantasies, or behaviors cause marked distress or interpersonal difficulty. For the remaining Paraphilias, the diagnosis is made if the behavior, sexual urges, or fantasies cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.
....
The Paraphilias described here are conditions that have been specifically identified by previous classifications. They include Exhibitionism (exposure of genitals), Fetishism (use of nonliving objects), Frotteurism (touching and rubbing against a nonconsenting person), Pedophilia (focus on prepubescent children), Sexual Masochism (receiving humiliation or suffering), Sexual Sadism (inflicting humiliation or suffering), Transvestic Fetishism (cross-dressing), and Voyeurism (observing sexual activity). A residual category, Paraphilia Not Otherwise Specified, includes other Paraphilias that are less frequently encountered. Not uncommonly, individuals have more than one Paraphilia.
Diagnostic and Statistical Manual of Mental Disorders DSM-IV-TR (Am. Psychiatric Publ'g, 4th ed.2000) (emphasis added).
[3] The trial court's order simply grants Shaw's motion without elaboration.
[4] For purposes of the Jimmy Ryce Act, a "mental abnormality" is defined as "a mental condition affecting a person's emotional or volitional capacity which predisposes the person to commit sexually violent offenses." § 394.912(5), Fla. Stat. (2001). This is often proven at trial through expert testimony. Commitment of Smith v. State, 827 So.2d 1026, 1028 (Fla. 2d DCA 2002).