PALMER, C.J.
 

 Pamela Andrews appeals the trial court’s order directing a verdict in favor of appellee, Direct Mail Express, Inc. (DME), on Andrews’ claim alleging a retaliatory firing based upon the filing of a workers’ compensation claim. Concluding that Andrews presented sufficient evidence to establish a
 
 prima facie
 
 case, we reverse.
 

 The standard of review for a directed verdict is
 
 de novo. See State v. Shaw,
 
 929 So.2d 1145, 1147 (Fla. 5th DCA 2006). However, in reviewing the grant of a directed verdict, an appellate court must view the evidence and all inferences of fact in the light most favorable to the nonmov-ing party and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party.
 
 See Owens v. Publix Supermarkets, Inc.,
 
 802 So.2d 315, 329 (Fla.2001);
 
 McQueen v. Jersani,
 
 909 So.2d 491, 492-93 (Fla. 5th DCA 2005).
 

 Section 440.205 of the Florida Statutes provides that no employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee’s valid claim for compensation or attempt to claim compensation under the workers’ compensation law. Ms. Andrews’ complaint alleged that she was discharged because of her attempt to claim benefits under the workers’ compensation law.
 

 In order to establish a
 
 prima facie
 
 retaliation case under section 440.205, the plaintiff must demonstrate the following elements: (1) a statutorily protected expression; (2) an adverse employment action; and, (3) a causal connection between participation in the protected expression and the adverse action.
 
 See Russell v. KSL Hotel Corp.,
 
 887 So.2d 372, 379 (Fla. 3d DCA 2004). In order to satisfy the “causal connection” prong of a
 
 prima facie
 
 retaliation case, a plaintiff must, at a minimum, generally establish that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action. Once a plaintiff establishes a
 
 prima facie
 
 case by proving that the protected activity and a negative employment action are not completely unrelated, the burden then shifts to the defendant to proffer a legitimate reason for the adverse employment action. The burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the “legitimate reason” was merely a pretext for the prohibited, retal
 
 *1194
 
 iatory conduct.
 
 See Sierminski v. Transouth Fin. Corp.,
 
 216 F.3d 945, 950 (11th Cir.2000).
 

 At trial, DME’s counsel moved for entry of a directed verdict after Andrews presented her case-in-chief, contending that no causal link had been proven between the termination of Andrews’ employment and the filing of her workers’ compensation claim. DME’s counsel argued that there had been no evidence that the person who made the actual decision to terminate Andrews knew anything about her workers’ compensation claim. However, Andrews’ counsel pointed out that DME’s answers to interrogatories indicated that several people were involved in the termination decision, including some who did know of the filing of Andrews’ workers’ compensation claim. The trial court granted the motion for directed verdict and entered judgment against Andrews. This appeal timely followed.
 

 Andrews contends that the trial court erred in directing a verdict against her because she sustained her burden of proving the causation prong required in retaliation cases since evidence was presented which indicated that DME was aware that she had filed a workers’ compensation claim and there was a close proximity between said awareness and the adverse employment action. In addition, Andrews maintains that DME engaged in a series of adverse employment actions culminating in her termination. We agree.
 

 In that regard, Andrews presented evidence to support the following scenario. She sustained a fall at DME caused by a broken curb in the vicinity of DME’s outside break area. She subsequently filed a petition for workers’ compensation benefits. She was terminated from her employment approximately seven weeks later, after a number of incidents which she contended were retaliation for filing her claim for benefits. Among the events complained of were reprimands for taking breaks that were longer than allowed (which she contended resulted from her taking prescription medication which required her to drink excessive amounts of liquids thus requiring increased restroom usage), and for refusing to sign the warning notice given to her for that incident. In addition, despite outstanding performance scores, she was overlooked for promotions that were given to newer employees. She was terminated after being advised that the reason for termination was unsatisfactory performance based on the way that she had handled a telephone call. However, the next day, she corresponded with the CEO of DME and asked him to investigate her termination. He advised her that she was good at what she did, and that she was not let go because she could not do the job or was not doing a good job, but simply because there was not enough work to go around.
 

 Accordingly, we reverse the trial court’s directed verdict and remand for further proceedings.
 

 REVERSED and REMANDED.
 

 LAWSON and EVANDER, JJ., concur.