JACOBUS, J.
 

 The appellant, Nelson Medina, appeals from a final judgment setting aside a jury verdict in his favor pursuant to a claim that he made against Ford Motor Company for a defective 2006 Ford Mustang. Medina brought suit under the Motor Vehicle Warranty Enforcement Act, popular
 
 *892
 
 ly known as Florida’s Lemon Law,
 
 [1]
 
 and under the Federal Magnuson-Moss Warranty Act.
 
 [2]
 
 On appeal, he contends that the trial court erred in setting aside the jury verdict because there was evidence that there was a nonconformity in the Mustang. We agree and reverse. At oral argument, Medina’s counsel advised this court that he is only seeking a remedy under the Florida Lemon Law. Accordingly, our discussion will be limited to that act.
 

 Medina purchased a new 2006 Mustang from a Seminole County Ford dealership. Soon after the purchase, Medina noticed that the engine would rev when he stopped at a stop light and would idle at 3000 rpms or above. Each episode lasted approximately 20 seconds. In addition, the gas tank did not fill properly. He notified the dealership of these problems and it attempted to repair the car. Ford subsequently informed Medina that there was a problem with the gas tank on all Ford Mustangs. Ford was unable to solve the problem with the gas tank and, as a result, it issued a Technical Service Bulletin that suggested the consumer find a gas station that had a pump that would permit the tank to fill properly. The dealership advised Medina that the engine problem was related to the computer and the way he drove the vehicle. Thus, it advised him that there was nothing wrong with the car and returned it to him.
 

 Once the dealership returned the car to Medina, he essentially parked it and discontinued driving it because of its improper operation. Medina ultimately instituted this action under both the Federal Act and the state law. He arbitrated his Florida Lemon Law claim but failed to raise the defect with the gas tank at arbitration. As a result, the arbitration board only considered whether the engine was defective. The board ruled in Ford’s favor and dismissed Medina’s claim. After the arbitration board dismissed his claim, Medina filed suit in Seminole County Circuit Court and the case was heard by a jury.
 

 The parties presented conflicting evidence regarding the operation of the car. Medina testified that the car over revved and continued to do so as long as he had it. He believed the car was unsafe because it felt like it was attempting to accelerate while he was braking. He also stated that the dealer was unable to satisfactorily solve the problem. As a result, Medina only drove it to keep the fluids circulated. Medina’s roommate had been a passenger in the Mustang and confirmed that the engine over revved. Medina’s expert testified that although he did not observe the over revving, he witnessed the engine stumble. The expert also stated that the engine did not idle as smoothly as it should have.
 

 In contrast, Ford presented evidence that its mechanics had performed tests on the car and they could not find any problem with it. The mechanics were unable to find any defect relating to rpm fluctuation and they ultimately concluded the rpm fluctuation was related to the way Medina drove the vehicle and operated the clutch. Ford’s expert advised the jury that the rpm fluctuations were not indicative of a defect; rather, the computer was trying to compensate for Medina’s driving habits.
 

 The jury ultimately found in Medina’s favor under both the Magnuson-Moss Act and the Florida Lemon Law Act. On Ford’s motion to set aside the verdict, the court found that there was no credible evidence that the car was defective and granted the motion.
 

 
 *893
 
 Our review of the trial court’s order requires us to view the evidence and all inferences of fact in a light most favorable to the non-moving party. We can affirm a directed verdict only when there is no proper view of the evidence that could sustain a verdict in favor of the non-moving party.
 
 Andrews v. Direct Mail Exp., Inc.,
 
 1 So.3d 1192, 1193 (Fla. 5th DCA 2009).
 

 By enacting the Florida Lemon Law, the Legislature created a procedure by which consumers could either receive a replacement vehicle or a full refund for a vehicle that cannot be brought into conformity with the warranty provided in the act. § 681.101, Fla. Stat. (2009). A “nonconformity” is defined as “a defect or condition that substantially impairs the use, value, or safety of a motor vehicle, but does not include a defect or condition that results from an accident, abuse, neglect, modification, or alteration of the motor vehicle by persons other than the manufacturer or its authorized service agent.” § 681.102(16), Fla. Stat. (2009). Under the Florida Lemon Law, a manufacturer is liable if a motor vehicle:
 

 [d]oes not conform to the warranty and the consumer first reports the problem to the manufacturer or its authorized service agent during the Lemon Law rights period, the manufacturer or its authorized service agent shall make such repairs as are necessary to conform the vehicle to the warranty, irrespective of whether such repairs are made after the expiration of the Lemon Law rights period. Such repairs shall be at no cost to the consumer if made during the term of the manufacturer’s written express warranty.
 

 § 681.103(1), Fla. Stat. (2009).
 

 After three attempts to repair the nonconformity, the consumer is required to give the manufacturer written notification of the need to repair the nonconformity and a final opportunity to cure it. The manufacturer must respond and give the consumer the opportunity to have the vehicle repaired. § 681.104(l)(a), Fla. Stat. (2009). If the manufacturer or service agent is unable to fix the nonconformity after a reasonable number of attempts, it must repurchase the motor vehicle and refund the full purchase price to the consumer or provide the consumer with an acceptable replacement vehicle. § 681.104(2)(a), Fla. Stat. (2009). Thus,- in order to prove that Ford was liable under the Lemon Law, Medina had to show: (1) the existence of a nonconformity covered by the warranty; (2) that he gave Ford written notification of the need to repair the nonconformity after three repair attempts; and (3) that Ford failed to repair the nonconformity.
 

 The facts of this case are not unlike those presented in
 
 Mason v. Porsche Cars of North America,, Inc.,
 
 688 So.2d 361 (Fla. 5th DCA 1997). In
 
 Mason,
 
 the plaintiff purchased a Porsche automobile and immediately noticed the car shuddered when he accelerated. He repeatedly complained about the shudder to the dealership where the car was purchased, but it was unable to remedy the problem. He filed a Lemon Law claim against Porsche and, after following the appropriate procedure, the matter was tried in circuit court. The trial court directed a verdict in favor of Porsche finding that there was no evidence that the shudder constituted a nonconformity.
 

 On appeal, this court reversed, finding it was error to direct a verdict under these circumstances. In so ruling, it looked to Mason’s testimony and that of his expert, which established that the shudder was not a normal characteristic of the vehicle. Based on this, we concluded that there was evidence of a defect or malfunction in the car. Thus, there was evidence at trial of a
 
 *894
 
 sufficient nonconformity under the Lemon Law such that Mason was entitled to relief.
 
 Id.
 
 at 368.
 

 In this case, Ford argues that
 
 Mason
 
 is inapplicable because Medina’s testimony and the testimony of his expert were not as strong as that presented in
 
 Mason.
 
 That is simply not the case. The evidence presented by Medina and his expert create a conflict with the evidence presented by Ford. The jury resolved these conflicts in favor of Medina. Viewed in the light most favorable to the non-moving party, in this case Medina, the evidence supports a finding that there was a nonconformity in the Mustang.
 

 Therefore, the order setting aside the jury verdict is reversed and the case is remanded to the trial court to reinstate the jury verdict in favor of Medina under the Florida Lemon Law.
 

 REVERSED and REMANDED with instructions.
 

 ORFINGER and LAWSON, JJ, concur.
 

 [1]
 

 . Ch. 681, Fla. Slat. (2009).
 

 [2]
 

 . 15 U.S.C. §§ 2301-2312.