POLEN, J.
 

 Billy Milner appeals the jury’s finding that he is a sexually violent predator under the Jimmy Ryce Act. He raises two points on appeal, and we address only the first, whether the trial court erred in denying Milner’s request for a special jury instruction. Finding no reversible error, we affirm.
 

 In 1980, Milner pleaded guilty to multiple felonies, including attempted sexual battery, and was sentenced to a term of imprisonment.
 

 In 2001, the State petitioned for Milner’s involuntary civil commitment under the Jimmy Ryce Act and a jury trial ensued, during which both sides presented conflicting expert testimony. The State’s expert diagnosed Milner with both paranoid schizophrenia and “paraphilia not otherwise specified [NOS] in reference to sexual fantasies and urges and behaviors towards non-consenting persons.” However, the State’s expert found no indication of schizophrenia at the time of the 1980 offense. Rather, upon reviewing the criminal arrest records and medical evaluations, the State’s expert opined that Milner acted willfully. Milner also suffered from antisocial personality disorder, and scored in the high risk category, likely to commit future sex offenses. The State’s expert noted Milner’s extensive history of both juvenile and adult arrests, and his extensive and ongoing history of disciplinary reports in prison. In recommending commitment, the State’s expert focused on Milner’s par-aphilia and anti-social personality disorder. While the schizophrenia might make Mil-ner’s behavior “even more unpredictable,” the State’s expert testified, “I wouldn’t factor that into ... mak[ing] a recommendation on civil commitment.”
 

 Milner’s expert testified that Milner suffered not from paraphilia, but solely from schizophrenia. Milner had not raised schizophrenia as an affirmative defense, but sought to show that it would not make him likely to engage in future acts of sexual violence. Milner’s expert testified that there is no literature to suggest that schizophrenia predisposes a person to violent or sexually violent crimes. Milner’s expert opined that it was not the schizophrenia that caused the sexually violent crime in this case.
 

 In concluding that Milner would not re-offend in a sexually violent manner if released, his expert testified:
 

 He’s had one sexually violent offense. It was 28 years ago.... He has a brain disorder, that while it has sexual themes weaving in and out of some delusions, it’s never been acted on in a sexually violent manner, say [sic] for that one episode. That episode also included alcohol by the official documents.
 

 The Jimmy Ryce Act provides for the involuntary civil commitment of persons found to be sexually violent predators. §§ 394.910-394.931, Fla. Stat. (2001). A factfinder “must determine by clear and convincing evidence that the respondent (1) has been convicted of an enumerated
 
 *713
 
 sexually violent offense; and (2) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.”
 
 State v. White,
 
 891 So.2d 502, 502-03 (Fla.2004); § 394.912(10), Fla. Stat. The first element was not disputed, as Milner was previously convicted of attempted sexual battery. Further, both sides agreed that Milner suffers from a mental illness. The parties disagreed, however, as to whether Milner’s mental illness makes him eligible for involuntary civil commitment.
 

 The trial court gave the standard jury instruction for civil commitment under the Ryce Act, which tracked the statutory language. In addition, Milner requested a special instruction which tracked the language of section 65E-25.003(3) of the Florida Administrative Code, which pertains to the initial recommendation regarding whether a civil commitment petition should be filed. § 65E-25.003, Fla. Admin. Code. This code provision states that “an individual cannot be considered to meet the criteria for involuntary civil commitment as a sexually violent predator if the individual’s propensity to commit sexually violent offenses is wholly attributable to a mental illness as defined in § 394.455, Fla. Stat. (2001)
 
 [1]
 
 .” Milner’s proposed special instruction read:
 

 An individual cannot be considered to meet the criteria for involuntary commitment as a sexually violent predator if the individual’s propensity to commit sexually violent offenses is wholly attributable to a mental illness. Mental illness is an impairment of the mental or emotional processes that exercise conscious control of one’s actions or the ability to perceive or understand reality, which impairment substantially interferes with a person’s ability to meet the ordinary demands of living. This does not include intoxications or conditions manifested only by antisocial behavior or substance abuse impairment.
 

 If you find that the Respondent’s propensity to commit sexually violent offenses is wholly attributable to a mental illness you must find the Respondent has NOT been proven to be a sexually violent predator.
 

 Milner maintained that the standard jury instruction for Ryce Act prosecutions does not adequately address mental illness, as opposed to mental abnormalities or personality disorders. Milner argued that the issue of whether his prior sexually violent offense was wholly attributable to a mental illness was a jury question, based on the testimony of his expert, who opined that, at the time of the offense, Milner suffered only from schizophrenia. The State argued the special instruction conflicted with the standard instruction. The trial court agreed with the State and declined to give the special instruction. We find no error.
 

 “[SJtandard jury instructions are presumed correct and are preferred over special instructions.”
 
 Lynch v. State,
 
 829 So.2d 371, 375 (Fla. 4th DCA 2002) (quoting
 
 Stephens v. State,
 
 787 So.2d 747, 755-56 (Fla.2001)). “When a trial court denies a defendant’s request for a special instruction, the defendant has the burden of showing on appeal that the trial court abused its discretion in giving the standard
 
 *714
 
 instruction.”
 
 Brickley v. State,
 
 12 So.3d 311, 313 (Fla. 4th DCA 2009). The failure to give a requested jury instruction is error if the following three elements are satisfied: “(1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing.”
 
 Id.
 
 (quoting
 
 Stephens,
 
 787 So.2d at 756).
 

 The Florida Supreme Court has upheld the standard jury instruction for civil commitment under the Ryce Act, observed that it tracks the statutory language, and ruled that it accurately reflects the requirements of the Ryce Act.
 
 State v. White,
 
 891 So.2d 502, 506-07 (Fla.2004);
 
 Hale v. State,
 
 891 So.2d 517, 520 (Fla.2004). The requested instruction would have required the State to prove — in addition to the statutory elements — that Mil-ner’s propensity to commit sexually violent offenses is not wholly attributable to a mental illness. Although the requested instruction tracks the language of an administrative code provision, where an agency adopts a rule that conflicts with a statute, the statute prevails.
 
 Johnson v. State,
 
 709 So.2d 623, 624 (Fla. 4th DCA 1998).
 

 Moreover, the specific authority for the code provision is section 394.930, Florida Statutes. Section 394.9155 states in relevant part, that:
 

 Rules adopted under s. 394.930 shall not constitute:
 

 (a) An evidentiary predicate for the admission of any physical evidence or testimony;
 

 (b) A basis for excluding or otherwise limiting the presentation of any physical evidence or testimony in judicial proceedings under this part; or
 

 (c) Elements of the cause of action that the state needs to allege or prove in judicial proceedings under this part.
 

 § 394.9155(6) (emphasis added). Notably, Milner never asserted schizophrenia, or section 65E-25.003(3), as an affirmative defense.
 

 Milner’s reliance upon
 
 State v. Shaw,
 
 929 So.2d 1145 (Fla. 5th DCA 2006), is misplaced. In
 
 Shaw,
 
 the defendant moved for a directed verdict, arguing that his prior sexual offenses were the result of his schizophrenia and not a mental abnormality or personality disorder.
 
 Id.
 
 at 1147. As Milner does here, Shaw relied on section 65E-25.003(3) of the Florida Administrative Code. The trial court granted the motion post-trial, “without elaboration,” after the jury unanimously found that Shaw was a sexually violent predator.
 
 Id.
 
 at 1147 n. 3. On appeal, the State argued in part that section 65E-25.003(3) addresses only the requirements for filing a petition for commitment, and has no application to a trial court’s ruling on commitment under the Jimmy Ryce Act.
 
 Id.
 
 at 1148. The Fifth District reversed, finding there was ample evidence presented at trial to support the State’s position and the jury’s conclusion that Shaw’s sexual misconduct was not wholly caused by his schizophrenia.
 
 Id.
 
 Accordingly, the court found it “need not address the State’s technical arguments regarding the impact of section 65E-25.003(3).”
 
 Id.
 

 In summary, we conclude that the standard jury instruction adequately addressed the particular legal standard applicable to the facts of this case, and that the trial court did not commit error in denying Milner’s requested special instruction.
 

 Affirmed.
 

 WARNER and FARMER, JJ., concur.
 

 [1]
 

 . Section 394.455, Florida Statutes, defines "mental illness” as "an impairment of the mental or emotional processes that exercise conscious control of one’s actions or of the ability to perceive or understand reality, which impairment substantially interferes with a person’s ability to meet the ordinary demands of living, regardless of etiology.” § 394.455(18).