[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15613
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00047-RS-EMT

PACE WOOD,

Plaintiff - Appellant,

versus

CALHOUN COUNTY FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 17, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pace Wood appeals the district court's grant of defendant Calhoun County

Florida's ("Calhoun County") motion for summary judgment as to his complaint

alleging disability discrimination, under the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12112(a) and the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a), and worker's compensation retaliation, under Fla. Stat. § 440.205. On appeal, Wood argues that: (1) a reasonable jury could find that Calhoun County's alleged reason for terminating him -- insubordination -- was a pretext for discrimination; and (2) the district court erred in holding that the Calhoun County Board of Commissioner's (the "Board") hearing eliminated his supervisor's bias. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Schwarcz v. City of Treasure Island, 544 F.3d 1201, 1211 (11th Cir. 2008). Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute exists where a reasonable fact-finder could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012).

The ADA prohibits an employer from discriminating against a qualified individual with a disability on the basis of the individual's disability. 42 U.S.C. § 12112(a). Florida's worker's compensation retaliation statute prohibits an employer from discharging an employee because of the employee's valid worker's compensation claim. Fla. Stat. § 440.205.

2

We analyze both ADA discrimination and Florida workers compensation retaliation claims under the <u>McDonnell Douglas</u>[1] burden-shifting framework.  <u>See</u> <u>Holly v. Clairson Indus., L.L.C.</u>, 492 F.3d 1247, 1255 (11th Cir. 2007) (ADA claim); <u>Andrews v. Direct Mail Exp., Inc.</u>, 1 So. 3d 1192, 1193 (Fla. Dist. Ct. App. 2009) (Florida worker's compensation retaliation claim).  Once a plaintiff meets his prima facie burden under either statute -- which includes showing causation -- the defendant must present a legitimate, non-discriminatory reason for its actions. <u>Cleveland v. Home Shopping Network, Inc.</u>, 369 F.3d 1189, 1193 (11th Cir. 2004) (ADA claim); <u>Andrews</u>, 1 So. 3d at 1193-94 (Florida worker's compensation retaliation claim).  To succeed in his claims, the plaintiff must then demonstrate that the reason given was a pretext for a statutorily-protected purpose.  <u>See</u> <u>Cleveland</u>, 369 F.3d at 1193; <u>Andrews</u>, 1 So. 3d at 1193-94.

Pretext means that the reason given by the employer was not the real reason for the adverse employment decision.  <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1528 (11th Cir. 1997).  An employee can show that the employer's articulated reason was false by pointing to "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation that a reasonable factfinder would find them unworthy of credence.  <u>Id</u>. at 1538 (quotation omitted).  However, a reason is not a pretext for discrimination unless

---

[1] <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

3

the plaintiff shows both that the reason was false and that discrimination was the real reason. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). The plaintiff "must meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

In certain circumstances, causation may be established, under the "cat's paw" doctrine, when a decisionmaker followed a biased recommendation from a non-decisionmaker without independently investigating the complaint. Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1332 (11th Cir. 1999). In such a case, the recommender uses the decisionmaker as a mere conduit, or cat's paw, to give effect to his discriminatory animus. Id. If, however, a decisionmaker conducts its own evaluation and makes an independent decision, the decision is free of the taint of a biased subordinate employee. Pennington v. City of Huntsville, 261 F.3d 1262, 1270-71 (11th Cir. 2001).

Here, the district court properly granted summary judgment. As the record reveals, any alleged animus by his supervisor was cleansed by the independent review of the Calhoun County Board of Commissioners ("the Board"), and Wood did not show that the reasons for firing him were pretextual. Indeed, the Board upheld Wood's termination after conducting an independent hearing where Wood was represented by counsel, presented witness testimony and exhibits, cross-

examined adverse witnesses, and argued his case to the Board.  After the hearing, the Board independently determined that good cause supported Wood's termination.  This conclusion was supported by the undisputed evidence that Wood continued to operate a forklift, in violation of the direct command of his supervisor, which amounted to insubordination.

Wood's reliance on Staub v. Proctor Hosp., 562 U.S. 411, 420-21 (2011), to prove his "cat's paw" theory is not convincing.  In Staub, the Supreme Court specifically noted that "the supervisor's biased report may remain a causal factor if the independent investigation takes it into account without determining that the adverse action was, apart from the supervisor's recommendation, entirely justified."  562 U.S. at 421.  For starters, however, Staub is arguably not applicable because it dealt with a claim under the Uniform Services Employment And Reemployment Rights Act ("USERRA"), and we've held that its holding does not necessarily extend to other employment discrimination statutes.   See Staub, 562 U.S. at 417-18; Sims v. MVM, Inc., 704 F.3d 1327, 1336 (11th Cir. 2013) (declining to extend Staub's causation standard to claims under the Age Discrimination in Employment Act ("ADEA")).  Moreover, if we assume that Staub applies, the record here shows that the Board conducted an independent hearing where Wood had the opportunity to present his case.  At that hearing, the Board specifically found that Wood's admission that he violated a direct command

and intended to continue doing so justified his termination independent of his supervisor's actions. The Board's independent evaluation, therefore, broke the causal link between Wood's supervisor's alleged animus and his termination, and Wood never directly rebutted the reason given for his firing.

On this record, a jury could not find that Calhoun County terminated him because of his disability or his worker's compensation claim. Accordingly, we affirm the district court's grant of Calhoun County's motion for summary judgment.

**AFFIRMED**.