639 So.2d 1043 (1994)
Raymond Jeffrey McGUIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2825.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
Rehearing Denied July 28, 1994.
*1044 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Jeffrey McGuire appeals his convictions[1] for first degree murder,[2] attempted first degree murder with a firearm[3] and robbery with a firearm.[4] McGuire raises two issues on appeal: the trial court's denial of his motion for judgment of acquittal and the failure of the trial court to give special jury instructions. McGuire argues that the state's case was based solely upon circumstantial evidence and the trial judge should have granted his motion for directed verdict. He also argues that the trial court should have given his requested special jury instructions on principals. We disagree and affirm his convictions.
McGuire and his codefendant Tracey Grosvenor were observed by Deputy Ronald Dockham changing the tire on their car. The tire they were attempting to use belonged to Bartley Giddens. Their car was parked in the parking lot of his closed business and McGuire was attempting to take a tire from Giddens' car and put it on his car. Dockham placed McGuire in the back of his patrol car. At this time, McGuire was not under arrest. Grosvenor was allowed to remain outside of the deputy's car. Bartley Giddens was called and came to the store along with his son, Raymond. As they talked to Dockham, Bartley Giddens said he wanted to prosecute. While Dockham and the Giddenses were examining the car in the parking lot, Grosvenor appeared between the cars with a.45 semiautomatic hand gun. She then shot Deputy Dockham. Although severely wounded, Dockham was able to draw his own semiautomatic hand gun and shoot at Grosvenor. Grosvenor went to the rear of the patrol car and released McGuire. McGuire could not get out of the patrol car without someone opening the door from outside. *1045 Because the lights from his patrol car were in his eyes, Dockham was unable to see who was shooting at him after McGuire was released. He was able to say that they were standing together as the shots were fired. McGuire ran to Giddens' car and drove away. Grosvenor was seen running beside the car as it was being driven away. She got into the car as it left the scene. After the shooting was over, four people had been shot: Dockham, Bartley Giddens, his son Ray and Grosvenor. Grosvenor had been shot in the leg. Ray died as a result of multiple gunshot wounds. McGuire and Grosvenor were apprehended the following day. The .45 semiautomatic and clip were recovered from the front seat of Giddens' car. There were no bullets in the gun or in the clip. The gun was processed for fingerprints, but McGuire's fingerprints were not found on the gun or on the clip.
During the state's case in chief, Deputy Dockham was unable to say that McGuire shot him. In fact, he was unable to say that McGuire held the gun at any time during that evening. At the close of the state's case, McGuire moved for a directed verdict on the offenses of murder in the first degree, attempted first degree murder and robbery with a firearm. McGuire does admit that the trial judge could have reduced the robbery charge to grand theft second degree for the taking of Giddens' automobile as he fled the scene. McGuire's motion was renewed at the close of the presentation of all the testimony in the case.[5] The trial judge denied the motion. McGuire's attorney also requested that the special jury instructions he prepared be given on principals. He wanted the jury instructed that mere presence at the scene of a crime was not sufficient to conclude that McGuire was guilty of an offense committed by another. The trial judge gave the standard jury instruction on principals and circumstantial evidence and denied the special instructions. McGuire was convicted and sentenced to life in prison with a mandatory 25 years before he is eligible for parole on the first degree murder charge. He was also sentenced to 17 years in prison on both the robbery and the attempted murder convictions; all sentences to run concurrently.
McGuire's argument on appeal is that the trial judge did not properly apply the "principals" theory in this case.[6] On McGuire's first point on appeal, Florida law is clear that when McGuire moved for judgment of acquittal, he admitted not only the facts stated, but also every conclusion favorable to the state. In Lynch v. State, 293 So.2d 44, 45 (Fla. 1974), the Florida Supreme court set this standard for rulings on motions for judgment of acquittal:
A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable [people] as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which *1046 might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.
The state's case was based upon two alternative theories: that McGuire actually did some of the shooting that killed Ray Giddens or McGuire was a principal in a first degree felony murder because Grosvenor did the shooting that killed Ray Giddens as she helped McGuire escape or while they were committing the crime of armed robbery (taking Giddens' car at gunpoint). The trial judge was not acting as a juror when he denied the motion for judgment of acquittal, he was discharging his duties by making a finding that there was competent evidence to support the state's alternative theories. In State v. Law, 559 So.2d 187, 189 (Fla. 1989), the Florida Supreme Court held that:
It is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to rebut conclusively every possible variation [footnote omitted] of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla. 1985). Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
The judge had a duty to deny the motion because there was evidence to support the state's alternative theories of the case. Because reasonable people could differ as to the proof of facts from which an ultimate fact could be established, or as to the inferences to be drawn from conceded facts, the trial judge was required to submit the case to the jury. The trial judge viewed the evidence in the light most favorable to the state. Law, 559 So.2d 187; see Taylor v. State, 583 So.2d 323 (Fla. 1991). The state proceeded against McGuire as a principal. Since McGuire did take Giddens' car at gunpoint and drive from the scene as he escaped, the state established a prima facie case that McGuire was a principal in both of those enumerated felonies that led to the death of Ray Giddens. See § 782.04(1)(a)2.d. & g.[7] The escape was getting out of the deputy's car and fleeing the scene. Although he was not formally under arrest, he was in the lawful custody of Deputy Dockham. See State v. Ramsey, 475 So.2d 671 (Fla. 1985) (a suspect can escape from custody even though not formally placed under arrest). The trial judge committed no error in denying the motion for judgment of acquittal. The trial judge found that there was legally sufficient evidence upon which the jury could base a verdict. See Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), review denied, 426 So.2d 25 (Fla. 1983); Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982).
The next argument that McGuire raises is that the trial judge should have given the special instructions that he requested for the jury to expand upon the role of a principal. Specifically, that the mere presence at the scene of a crime, Hutchins v. State, 311 So.2d 198 (Fla. 3d DCA 1975), or *1047 transporting someone from the scene of a crime, Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972), does not mean that an accused knew a crime was going to be committed. McGuire argues that the standard instructions were valid, as far as they went, but he wanted the jury to have a complete understanding of the law before concluding that McGuire was guilty on a principal theory. The trial court denied the request. We find no error. The trial judge read the standard jury instruction approved by the Florida Supreme Court and it did not need to be modified or clarified in this case. The standard jury instruction adequately and accurately explained the state law. It is preferable that the standard jury instruction be given if it explains the law. See Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978); Fla. R.Crim.P. 3.985.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] McGuire was also charged with Attempted First Degree Murder of a Law Enforcement Officer and Resisting Arrest With Violence, but these charges were dismissed.
[2] § 782.04(1)(a), Fla. Stat. (1987).
[3] §§ 782.04(1)(a), 777.04(1) & 775.087, Fla. Stat. (1987).
[4] § 812.13(2)(a), Fla. Stat. (1987).
[5] During McGuire's case, Bartley Giddens was called to testify for the defense. Giddens had previously given a statement and a deposition in which he said that the woman [Grosvenor] had done all the shooting. At trial, he stated that McGuire had done some of the shooting.
[6] Fla.Std.Jury Instr. (Crim.) 3.01. Principals

If two or more persons help each other [commit] or [attempt to commit] a crime and the defendant is one of them, the defendant is a principal and must be treated as if [he] [she] had done all of the things the other person or persons did if the defendant:
1. Knew what was going to happen,
2. Intended to participate actively or by sharing in an expected benefit and
3. Actually did something by which [he] [she] intended to help [commit] [attempt to commit] the crime.
"Help" means to aid, plan or assist.
To be a principal, the defendant does not have to be present when the crime is [committed] [or] [attempted].
[7] Murder. 

(1)(a) The unlawful killing of a human being: 2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
.....
d. Robbery,
.....
g. Escape,
.....
is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.