927 So.2d 241 (2006)
Jerry Stephen LINKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5772.
District Court of Appeal of Florida, Second District.
May 5, 2006.
*242 James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Jerry Links appeals his convictions and sentences pursuant to jury verdicts of possession of methamphetamine and possession of drug paraphernalia. We reverse.
The evidence adduced at trial revealed that Deputy Angulo stopped Links for speeding on the night of February 19, 2004. Deputy Angulo asked Links if he had any illegal narcotics, stolen property, or weapons in the vehicle, and Links said he did not. The deputy then asked Links for permission to search the truck, and Links gave him consent to do so. Deputy Angulo found a pipe with methamphetamine residue in the glove box of the truck next to a court notice for Links to appear regarding a traffic violation. The notice was sent to Links on January 8, and the court date was January 27, which was more than three weeks prior to the stop. Links testified that the pipe was in a red rag, but the deputy testified that he could not remember whether there was a rag. Deputy Angulo found another pipe with methamphetamine residue in a toolbox located in the bed of the truck. Both pipes were very small clear glass tubes; they were not traditional tobacco pipes. The truck belonged to Links' boss, who had given him permission to use it to visit a friend. The truck was a company truck, and the toolbox was also company property. They were both used by eight to fifteen other employees of the stucco company. Links' and the deputy's testimony conflicted over whether Links told Angulo that he was the primary user of the truck and the toolbox. Links testified that he did not know that the pipes were in the glove box and the toolbox, but the other *243 employees could have left them in those locations. Deputy Angulo testified that Links did not appear to be under the influence of drugs or alcohol.
To prove constructive possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant knew of the presence of the contraband and was able to exercise dominion and control over it. See Diaz v. State, 884 So.2d 387 (Fla. 2d DCA 2004). Knowledge of the illicit nature of the controlled substance is no longer required. § 893.101, Fla. Stat. (2003). At the conclusion of the State's case and at the conclusion of all the evidence, Links moved for judgment of acquittal, arguing that he had no knowledge of the presence of the contraband. The trial court erred in denying Links' motions because the State failed to present substantial, competent evidence that Links knew of the presence of the pipes. The pipes were found in a company truck that was used by anywhere from eight to fifteen other employees. The only evidence connecting Links to the pipes was the court notice sent to him that was next to the pipe in the glove box. However, that notice was for a court date more than three weeks prior to the stop. The State presented no evidence of when Links put the notice in the glove box or whether the pipe was in the glove box when he did so and he knew of its presence. Accordingly, we reverse Links' convictions.
Reversed.
ALTENBERND, J., Concurs.
KELLY, J., Concurs in result only.