946 So.2d 1240 (2007)
Martin MARTORAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3548.
District Court of Appeal of Florida, Fourth District.
January 17, 2007.
Rehearing Denied February 13, 2007.
*1241 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
In this appeal, appellant Martin Martoral contends that the evidence was insufficient to support a finding that he violated the conditions of his probation and, thus, the order of revocation must be reversed. We agree.
In September 2003, appellant pled no contest to a charge of dealing in stolen property and was sentenced to three years of probation. A few short months later, an affidavit of violation of probation was filed. After several amendments, it was ultimately alleged that appellant had violated his probation by failing to pay restitution (count I); failing to pay court costs (count II); failing to pay the costs of supervision (count III); changing his residence without the approval of his probation officer (count IV); and possessing cannabis (count *1242 V). The trial court found appellant guilty of the violations alleged in counts IV and V and sentenced him to ten years in prison.
Change of Residence
The appellant's probation officer testified that the last address the appellant had provided to him was room 104 at the Howard Johnson's on 2901 Vista Mar Boulevard, Ft. Lauderdale, Florida. Appellant acknowledged that he had given this address to his probation officer and testified that he was, in fact, living there. Appellant admitted, however, that he had changed room numbers at the hotel and indicated that he could not recall whether he had advised his probation officer of this fact. The trial court determined that appellant's changing rooms within the hotel was a violation of condition k.1. of appellant's probation, prohibiting the probationer from changing his residence without first obtaining approval from his probation officer. We hold that this was error.
In order to support a revocation of probation, the alleged violation must be both willful and substantial. See, e.g., Robinson v. State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005). It is the State that bears the burden of proving that a violation is willful and substantial, see Stewart v. State, 926 So.2d 413, 414 (Fla. 1st DCA 2006), and the "willful and substantial nature must be supported by the greater weight of the evidence," see Robinson, 907 So.2d at 1286. To support revocation, the "deviation [must] be the product of a knowing and willful act by the probationer." Stevens v. State, 599 So.2d 254, 255 (Fla. 3d DCA 1992). In this case, there was no evidence, circumstantial or otherwise, that appellant was aware that changing rooms within the hotel triggered his obligations regarding a change of address and, thus, no evidence of a "willful" violation.
Possession of Marijuana
With respect to the possession of marijuana charge, the evidence at the VOP hearing established that, on May 22, 2005, Sergeant Cowley and Officer Hippolyte responded to a residence based upon a report regarding illegal narcotics activity. When the officers arrived at the address, they observed appellant and another man sitting in a pick-up truck parked in front of the residence. Appellant was in the driver's seat. Sergeant Cowley approached the passenger side of the vehicle and, through the open passenger window, observed, in plain view, a baggie of marijuana in a small compartment in the dash above the radio. The marijuana was the same distance from both appellant and the passenger.[1]
As the marijuana was not found on appellant's person, this case is one of constructive possession. In order to establish constructive possession, the State must prove that the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same. See Snell v. State, 939 So.2d 1175, 1179 & 1179 n. 1 (Fla. 4th DCA 2006). "When a vehicle is jointly occupied, a defendant's `[m]ere proximity to contraband is insufficient to establish constructive possession.'" Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006) (quoting Skelton v. State, 609 So.2d 716, 717 (Fla. 2d DCA 1992)). "Knowledge of and ability to control the contraband cannot be inferred solely from the defendant's proximity to the contraband in a jointly-occupied vehicle; rather, the State must present *1243 independent proof of the defendant's knowledge and ability to control the contraband." Id.
In the instant case, the State met its burden with respect to the knowledge element of the offense. The officers testified that appellant was in the driver's seat of the truck and the marijuana was in a compartment in the dash in plain view. The fact that the drugs were openly within appellant's line of sight is evidence from which appellant's knowledge of the presence of the marijuana may be inferred. See Brown v. State, 428 So.2d 250, 252 (Fla.1983) (finding fact that drugs were in open view provided evidence of knowledge of the same).
This, then, brings us to the matter of dominion and control. Knowledge of the presence of the drugs and the ability to exercise dominion and control over the drugs are not the same thing. See Jean v. State, 638 So.2d 995, 996 (Fla. 4th DCA 1994) (recognizing that knowledge and dominion and control are separate elements and stating that "[i]t is conceivable that an accused might be well aware of the presence of the substance but have no ability to maintain control over it"). In the case law, the concepts of "dominion" and "control" involve more than the mere ability of the defendant to reach out and touch the item of contraband. Thus, even where drugs are found in plain view, the evidence will be insufficient to establish constructive possession unless there is evidence that the defendant exercised dominion and control over the drugs. See Torres v. State, 520 So.2d 78, 80 (Fla. 3d DCA 1988) (noting that "[m]ere proximity to contraband, without more, is legally insufficient to prove possession"). Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999), is illustrative. There, following a traffic stop, a crack pipe was found on the car's floorboard, in plain view and only four to five inches from the gas pedal. The car had two occupants, Cruz, who was the driver, and a front passenger. The appellate court reversed Cruz's conviction for possession of cocaine, based on the residue on the crack pipe, holding the evidence was insufficient to establish Cruz had knowledge of and the ability to control the crack cocaine:
The State suggests that since the pipe was so close to Cruz's feet, she had dominion and control, and that since it was in plain view, she had the requisite knowledge. However, when the contraband is not on the actual person but is found in a jointly occupied vehicle, knowledge and ability to control cannot be inferred but must be shown by independent proof. See E.A.M. v. State, 684 So.2d 283 (Fla. 2d DCA 1996). The State failed to present such proof, and the trial court erred in failing to grant the motion for judgment of acquittal as to [the possession of cocaine charge].
744 So.2d at 569.
Unlike Cruz, the case presently before this court does not involve a substantive criminal conviction which requires proof beyond a reasonable doubt. Rather, this case involves a violation of probation which need only be proven by the preponderance, or greater weight, of the evidence. See, e.g., Humbert v. State, 933 So.2d 726, 727 (Fla. 2d DCA 2006). We hold, however, that, even under this lesser burden of proof, the evidence at the VOP hearing was insufficient to establish appellant's dominion and control of the marijuana. Nothing in the evidence before the trial court tied the marijuana to appellant as opposed to the passenger. Indeed, the evidence did not establish that the pick-up truck was owned or even regularly driven or used by appellant. Cf. Brown v. State, 428 So.2d 250 (Fla.1983) (holding that where drugs are found in the presence and *1244 plain view of the owner or resident occupant of a home, dominion and control may be inferred). Because the State's proof in this case relies on the theory of constructive, joint possession, we are obliged to reverse since there was no independent evidence of appellant's dominion and control over the marijuana.
Reversed and Remanded.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] Although appellant allegedly made some incriminating statements to Officer Hippolyte following his arrest, the trial court found that these statements were subject to suppression as a consequence of the absence of Miranda warnings.