983 So.2d 1192 (2008)
Howard REYNOLDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1694.
District Court of Appeal of Florida, Third District.
April 16, 2008.
Rehearing Denied June 23, 2008.
*1193 Wasson & Associates and Roy D. Wasson, Miami, for appellant.
Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and RAMIREZ and SHEPHERD, JJ.
*1194 PER CURIAM.
Howard Reynolds ("Reynolds") appeals his conviction for trafficking in marijuana and conspiracy to traffic in marijuana in excess of twenty-five pounds. We reverse in part and affirm in part.
During an investigation at a local warehouse, two narcotics dogs alerted to the presence of drugs in shrink-wrapped cardboard barrels. Based on this information, the Florida Department of Law Enforcement ("FDLE") obtained a warrant to search the barrels. As FDLE agents opened the barrels, Reynolds entered the warehouse. Upon seeing the agents, Reynolds attempted to leave the premises, but the agents immediately arrested him, finding a matching bill of lading and an American Airlines travel voucher for a flight to California in his possession. Thereafter, they took him to FDLE headquarters for questioning.
At trial, the State introduced two inconsistent reports that the interviewing agent prepared. The first report, compiled on the day of the questioning, stated that Reynolds realized he was probably involved in something illegal because of the secrecy and cash involved, but his knowledge of the barrels' contents was speculation. The second report, prepared over one year later, stated that Reynolds answered affirmatively when asked if he knew there were drugs in the barrels. Further, the agent testified that everything noteworthy was in the first report.
The State also introduced evidence of Reynolds' prior travel to and from Los Angeles, as well as proof of similar barrels he had shipped from California. To further prove a conspiracy, the State introduced the fact that Reynolds' wife posted bond for both Reynolds and a co-defendant. Reynolds was convicted of trafficking and conspiracy to traffic in marijuana in excess of twenty-five pounds.
Reynolds asserts that the State failed to prove beyond a reasonable doubt that he knowingly trafficked in marijuana or conspired to traffic in marijuana. The State contends there was sufficient proof of the charges. We agree with Reynolds concerning the trafficking count and reverse, but affirm the conspiracy conviction.
In order to convict Reynolds of trafficking in marijuana, the State must prove beyond a reasonable doubt that Reynolds was "knowingly in actual or constructive possession of, in excess of 25 pounds of cannabis." § 893.135(1), Fla. Stat. (2002). Subsection 893.135(1) establishes two theories: (1) actual possession and (2) constructive possession.
First, for actual possession, the State must prove that "the thing is so close as to be within ready reach and is under control of the person." McCoy v. State, 840 So.2d 455, 456 (Fla. 4th DCA 2003) (citing Fla. Std. Jury Instr. (Crim.) 25.7 (2002)). Here, when Reynolds entered the warehouse, he was neither within ready reach, nor in control of the barrels containing the marijuana. Therefore, the actual possession theory fails.
Under constructive possession, the State must prove that the defendant knew of the presence of the contraband and was able to exercise dominion and control over it. Person v. State, 950 So.2d 1270, 1272 (Fla. 2d DCA 2007); Links v. State, 927 So.2d 241, 243 (Fla. 2d DCA 2006). However, if the drugs are not located inside the accused's exclusive possession, the State cannot infer his or her knowledge of the presence of and control over the drugs. Instead, the State must provide independent proof of knowledge. De La Cruz v. State, 884 So.2d 349, 351 (Fla. 2d DCA 2004).
In De La Cruz, the contraband was concealed in a shrink-wrapped block similar to a bar of soap. The police found the contraband in a kitchen cabinet. De La *1195 Cruz was not in exclusive possession of the kitchen area. The State did not present any evidence that the contraband was visible through the layers of plastic. The State did not fingerprint the wrapping, nor did the officers find any of De La Cruz's personal effects near the contraband. Thus, the court found that the State did not present any evidence that the contraband was in plain view to support a finding of constructive possession. De La Cruz, 884 So.2d at 352.
Here, Reynolds was not in "ready-reach" actual possession of the drugs, nor did he exercise dominion or control over the barrels at any time. The agents were unable to see or smell the marijuana in the shrink-wrapped barrels. The agents did not fingerprint the barrels or the contents. Thus, since the State did not prove beyond a reasonable doubt that Reynolds was in constructive possession of the barrels, we find that the conviction for trafficking in marijuana was error.
Next, in order to convict Reynolds of the second charge, conspiracy to traffic in marijuana in excess of twenty-five pounds, the State must prove that there was an "express or implied agreement between two or more persons to commit a criminal offense." Young v. State, 940 So.2d 543, 544 (Fla. 5th DCA 2006) (citing Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979)); see also Jimenez v. State, 715 So.2d 1038, 1040 (Fla. 3d DCA 1998). Both the agreement and an intention to commit an offense are essential elements of a conspiracy. However, direct proof of an agreement is not necessary to establish a conspiracy. Jimenez, 715 So.2d at 1040. Circumstantial evidence may support the existence of a conspiracy. Wilder v. State, 587 So.2d 543, 546 (Fla. 1st DCA 1991).
Here, the State introduced several pieces of circumstantial evidence. The State introduced evidence of Reynolds' prior travel to and from Los Angeles. An agent testified that he saw a video of Reynolds outside a van with four barrels in Los Angeles. A warehouse employee testified that Reynolds had been involved in almost twenty shipments from Miami to Los Angeles with similar information on the bill of lading. Further, there were at least four van rentals that corresponded to the dates of shipments from the warehouse. The State also introduced evidence that when the police arrested Reynolds, he had in his possession a copy of the bill of lading and an American Airlines travel voucher to Los Angeles.
We find that there was sufficient circumstantial evidence to prove an express or implied agreement between Reynolds and another person to commit a criminal offense. Therefore, Reynolds' conviction for conspiracy to traffic in marijuana must stand.
Accordingly, Reynolds' conviction for trafficking in marijuana is reversed, and his conviction for conspiracy to traffic in marijuana is affirmed.
Reversed in part and affirmed in part.