STEVENSON, J.
 

 Ivory Brown was tried by jury and convicted of possession of cocaine with intent to sell and possession of Xanax. In this appeal, Brown contends that the trial court erred in denying his motion for judgment of acquittal directed to the possession of Xanax charge and that improper argument by the prosecutor concerning the police officers’ lack of a motive to lie rose to the level of fundamental error as to both charges. We reject the latter of Brown’s claims and, without further comment, affirm his conviction for possession of cocaine with intent to sell. We find merit, however, in his claim regarding the sufficiency of the evidence on the possession of Xanax charge and reverse such conviction.
 

 The evidence at trial established that Officer Meyers and Agent Kihei were present when a confidential informant placed a call to a “person of interest.” The informant asked the individual on the other end of the call for $100 worth of crack and, ultimately, it was agreed that the pair would meet at a nearby Taco Bell. Officer Meyers and Agent Kihei drove to the Taco Bell, observed a black male matching the description provided them, and stopped the car a few blocks away. The defendant was driving the car and had a female passenger. Officer Meyers approached the car and, as the defendant exited the vehicle, he was able to smell marijuana emanating from either the defendant or the car. The defendant was nervous and shaking. As Agent Kihei was approaching the passenger, he observed the defendant make a move towards, and close, the car’s center console.
 

 Police found a cell phone in the defendant’s possession and, when police dialed the number that had been dialed by the informant, the phone rang. Officer Meyers also identified the defendant’s voice as the one that he had earlier heard on the other end of the call placed by the informant. Police found $429 on the defendant’s person when he was searched at the scene and, when he was later searched at the police station, a baggie containing crack cocaine and a baggie containing powdered cocaine in the defendant’s underwear. When the car was searched, police found a black jewelry box in the car’s center console and, inside the jewelry box, they found some gold teeth caps and Xa-nax. The car was a rental and the defendant’s name was not on the rental agreement.
 

 Following the presentation of the State’s case, the defendant’s counsel moved for a judgment of acquittal on the possession of Xanax charge, arguing that the case was one of constructive presence and the evidence was simply insufficient to establish that the defendant had knowledge over the jewelry box and its contents or the ability to exercise dominion and control over the same. Following the denial of the motion for judgment of acquittal, the defendant took the stand, denying that he had been smoking marijuana and any knowledge of the drugs found in the car’s console. He also denied that police found drugs on him at the police station.
 

 Defense counsel’s motion for judgment of acquittal should have been granted. To convict a defendant for possession of a controlled substance under a constructive possession theory, the State must prove that “the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same.”
 
 Martoral v. State,
 
 946 So.2d 1240, 1242 (Fla. 4th DCA 2007). “When a vehicle is jointly occupied, a defendant’s ‘[m]ere proximity to contraband is insufficient to establish constructive possession.’ ”
 
 Id.
 
 (quoting
 
 Har-
 
 
 *1189
 

 grove v. State,
 
 928 So.2d 1254, 1256 (Fla. 2d DCA 2006)). And, “ ‘[knowledge of and ability to control the contraband cannot be inferred solely from the defendant’s proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant’s knowledge and ability to control the contraband.’ ”
 
 Id.
 
 at 1242-43. This independent proof may consist of “evidence of incriminating statements or actions, or other circumstances from which a jury might lawfully infer the defendant’s actual knowledge of the presence of contraband.”
 
 Earle v. State,
 
 745 So.2d 1087, 1089 (Fla. 4th DCA 1999).
 

 As evidence of the defendant’s alleged guilty knowledge of the Xanax’s presence, the State points to Agent Kihei’s testimony that, as police approached, the defendant attempted to close the center console and the fact that the defendant was nervous and shaking. And, while not specifically mentioned by the State, there is also the fact that the defendant was found in actual possession of cocaine. We hold that the additional circumstances were insufficient to permit a finding that the defendant had actual knowledge of the Xanax or the ability to control it. The nervousness and shaking may well have been attributable to the simple fact that the defendant was being stopped by police, knowing that he was in possession of cocaine.
 
 See Hill v. State,
 
 736 So.2d 133, 134 (Fla. 1st DCA 1999) (holding evidence insufficient to sustain constructive possession conviction where only evidence of knowledge and ability to control was proximity to contraband and defendant’s nervousness could be explained by fact that he was stopped for speeding). And, evidence that the defendant agreed to sell the informant crack does not tend to demonstrate that he had knowledge of Xanax in a car that belonged to one other than the defendant. Finally, Agent Kihei’s testimony suggesting that the defendant was closing the console is insufficient to demonstrate that the defendant had knowledge of the contents of a jewelry box contained therein, let alone the ability to exercise dominion and control over the same. Accordingly, we reverse the defendant’s conviction for possession of Xanax.
 

 Affirmed in part; Reversed in part;
 
 and
 
 Remanded.
 

 WARNER and DAMOORGIAN, JJ., concur.