*312
 
 DAMOORGIAN, J.
 

 Pernell Briekley (the defendant) timely appeals his conviction for armed trafficking. We reverse, holding that the trial court erred in declining to give his requested special jury instruction on constructive possession because the standard jury instruction was misleading under the facts of this case.
 

 This case arises out of an attempted controlled drug buy between a confidential informant working with the police and an individual identified as Steven Young. After the police called off the drug buy, an order was issued to stop the vehicle in which Young was a passenger. The vehicle was being driven by the defendant. One of the officers involved in the operation ordered the defendant to stop the vehicle. The defendant and Young were then ordered out of the vehicle. Both complied with the police officer’s instruction. After the defendant and Young exited the vehicle, one of the officers testified that when he went into the car, he saw a gun as well as drugs wrapped in cellophane in the center console. The officer described the center console as an open bin that did not close. Young, to the contrary, testified that the console was closed and the contents were not visible. Upon further inspection, the officer learned that the console contained marijuana and cocaine. Young admitted to placing the gun and drugs in the console. He also testified that the defendant knew about the drug transaction. The defendant, on the other hand, testified that he observed Young place several items in the center console as the vehicle was being stopped. At this point, he testified that he first observed a gun, although he did not see any drugs. The drugs and gun were equal distance from both the defendant and Young.
 

 Based on this evidence, defense counsel requested a special jury instruction on constructive possession where the contraband is found on jointly occupied premises. Specifically, defense counsel requested that the following be added to the standard jury instruction on possession:
 

 To establish constructive possession of a controlled substance, the State must show that Pernell Briekley had (1) dominion and control over the contraband, (2) that he had knowledge that the contraband was within his presence, and (3) that he had knowledge of the illicit nature of the contraband.
 

 If the premises on which the contraband is found are in joint, rather than exclusive possession of Pernell Briekley, knowledge of the presence of the contraband on the premises and Pernell Brick-ley’s ability to maintain control over the contraband will not be inferred. The State must establish knowledge and Per-nell Brickley’s ability to maintain control over the contraband by independent proof of Pernell Brickley’s actual knowledge, or evidence of incriminating statements and circumstances other than mere location of the substance.
 

 The trial court denied his request, noting that the first part was already included in the standard instruction. The trial court then gave the following standard jury instruction on possession:
 

 To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
 

 Possession may be actual or constructive.
 

 Actual possession means
 

 [a] the thing is in the hand of or on the person, or
 

 [b] the thing is in a container in the hand of or on the person, or
 

 
 *313
 
 [c] the thing is so close as to be within ready reach and is under the control of the person.
 

 Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control. Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.
 

 In order to establish constructive possession of a controlled substance, if the controlled substance was in a place over which Pernel[l] Brickley does not have control, the state must prove Pernel[l] Brickley’s control over the controlled substance, and knowledge of the controlled substance that PernelQ] Brickley had.
 

 Possession may be joint. That is, two or more persons may exercise control over the article .... In that case, each of those persons is considered to be in control of the over the [sic] article.
 

 If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed. And exclusive possession means vested in the interest of the subject. If a person does not have exclusive possession of the controlled substance, knowledge of its presence may not be inferred or assumed.
 

 The jury subsequently found the defendant guilty of armed trafficking, and the defendant now appeals, challenging the trial court’s failure to read the special instruction.
 

 When a trial court denies a defendant’s request for a special instruction, the defendant has the burden of showing on appeal that the trial court abused its discretion in giving the standard instruction.
 
 Stephens v. State,
 
 787 So.2d 747, 755-56 (Fla.2001). A trial court’s failure to give a requested jury instruction is error if the following three elements are satisfied: “(1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing.”
 
 Id.
 
 at 756.
 

 The defendant contends that the trial court erred when it declined to give the requested special jury instruction on constructive possession of the premises because the standard instruction did not sufficiently cover his defense, where he alleged that he did not exclusively occupy the vehicle. The State responds that the trial court did not err for two reasons: (1) The instruction was not supported by the evidence because the evidence clearly showed that the defendant had actual possession of the drugs and gun; and (2) The proposed instruction would have been confusing if read in context with the standard jury instruction because the defendant never requested that the portion instructing on the “joint possession of an article” be deleted, as the defendant had in
 
 Mitchell v. State,
 
 958 So.2d 496 (Fla. 4th DCA 2007). We agree with the defendant that the special jury instruction was supported by the evidence and disagree with the State that it would have been misleading or confusing to read it in conjunction with the standard instruction.
 

 When contraband is found in a jointly occupied vehicle, rather than on the actual person, the State must prove by independent evidence the defendant’s knowledge and ability to control.
 
 Martoral v. State,
 
 946 So.2d 1240, 1243 (Fla. 4th DCA 2007);
 
 see also Cruz v. State,
 
 744 So.2d 568, 569 (Fla. 2d DCA 1999). In
 
 Martoral,
 
 the officers responded to a call that there was illegal narcotics activity
 
 *314
 
 taking place at a residence.
 
 Id.
 
 at 1242. Upon arrival, the officers noticed the defendant and another man sitting in a truck in the driveway.
 
 Id.
 
 The defendant was in the driver’s seat.
 
 Id.
 
 One of the officers approached the vehicle and through the open window of the front passenger seat, observed, in plain view, a small bag of marijuana in a small compartment in the dash above the radio.
 
 Id.
 
 The marijuana was the same distance from both the defendant and the other man.
 
 Id.
 
 We held that because the drugs were not on the defendant’s person, this was a case of constructive possession, which required the State to prove the defendant’s knowledge of and dominion and control over the contraband.
 
 Id.
 
 at 1243. In reaching this decision, we explained that “the concepts of ‘dominion’ and ‘control’ involve more than the mere ability of the defendant to reach out and touch the item of contraband.”
 
 Id.
 
 “Thus, even where drugs are found in plain view, the evidence will be insufficient to establish constructive possession unless there is evidence that the defendant exercised dominion and control over the drugs.”
 
 Id.
 

 Similarly, the contraband and gun in this case were found in the center console of the vehicle driven by the defendant. The items were equal distance from both the defendant and the passenger, and there was evidence that he had no knowledge of the gun or drugs prior to the stop. Therefore, there was evidence supporting an instruction on constructive possession.
 
 See, e.g., Mitchell,
 
 958 So.2d at 500-01 (holding that the evidence supported a jury instruction on constructive possession when the premises where the contraband was found were jointly occupied). Such an instruction supported the defendant’s theory that the vehicle was jointly occupied and thus, the items were not in his possession. Therefore, the defendant was entitled to have the jury instructed that the State was required to prove the defendant’s knowledge
 
 of
 
 the presence of the drugs and gun as well as his dominion and control over them.
 

 Moreover, we find no merit to the State’s contention that adding the special instruction would be misleading. While it would be clearer for the jury if the conflicting portions of the standard jury instruction were removed in joint possession cases, adding the special jury instruction to the standard instruction would not have made the law more confusing for the jury in this case.
 

 Accordingly, we reverse and remand for a new trial.
 

 POLEN and STEVENSON, JJ., concur.