BENTON, J.
Terone Waleed Corker appeals an order revoking his probation and the sentence he received after the trial court found that he had violated the terms of his probation by possessing marijuana. Because the evidence of a violation was insufficient to support revocation of probation, we reverse.
*960 The state filed an affidavit alleging that Mr. Corker violated condition (4) of his probation by “failing to live and remain at liberty without violating any law by committing the criminal offense of Possession of Marijuana”; condition (12) of his probation by “failing to pay the State of Florida the amount of $40.00 per month toward cost of supervision, plus a 4% surcharge”; and condition (12) of his probation by “failing to make court costs payments to the probation officer as directed in accordance with the payment instructions of the court....” The trial judge ruled that, while the state had failed to prove the alleged violations of condition (12),[1] the state did prove possession of marijuana as alleged.
Summing up at the close of the probation revocation hearing, the prosecution argued that “when you’re on probation it is not acceptable” to have “weed in the car.” The prosecutor maintained the state had proven Mr. Corker guilty of possession of marijuana by proving that he took a “chance” in allowing a woman to ride as a passenger in the back seat of his car when “[h]e knew what was up with that girl.” A policeman testified at the revocation hearing that the police found marijuana in a multicolored makeup pouch concealed in the back seat of the car near where the female passenger in question was sitting. The trial court made a finding that Mr. Corker, who was in the front seat and had been driving the vehicle that was searched, knew the marijuana was in the car, revoked probation, and pronounced sentence.
We review orders revoking probation for abuse of discretion. Cases on direct appeal from convictions discussing what evidence is sufficient to prove constructive possession of narcotics involve a reasonable doubt standard more exacting than the preponderance of the evidence standard involved on review of revocations of probation. “Proof sufficient to support a criminal conviction is not required to support a judge’s discretionary order revoking community control.” Robinson v. State, 609 So.2d 89, 90 (Fla. 1st DCA 1992). Compare Lopez v. State, 711 So.2d 563 (Fla. 2d DCA 1997) (holding that evidence of drugs found in the defendant’s and his wife’s jointly occupied closet was insufficient to prove constructive possession beyond a reasonable doubt) with Ubiles v. State, 23 So.3d 1288, 1291 (Fla. 4th DCA 2010) (holding evidence was sufficient under the preponderance standard because “it can ... be inferred that [the probationer] had dominion and control of the marijuana cigarettes in the ashtray” within his reach even though another individual also had access). “To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.” Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996) (citing Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995)). Possession of marijuana clearly violates a substantial condition.
“The law governing criminal liability for constructive possession is relevant in determining the sufficiency of the evidence to warrant revocation of probation based on a criminal act.” Rita v. State, 470 So.2d 80, 85-86 (Fla. 1st DCA 1985). “Proof of constructive possession is established when a defendant does not *961 have physical possession of contraband but (1) knows it is within his presence, (2) has the ability to maintain control over it, and (3) knows of the illicit nature of the contraband.” Hill v. State, 873 So.2d 491, 493 (Fla. 1st DCA 2004). In a probation revocation case not unlike this one, the Fourth District analyzed the evidence:
As the marijuana was not found on appellant’s person, this case is one of constructive possession. In order to establish constructive possession, the State must prove that the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same. See Snell v. State, 939 So.2d 1175, 1179 & 1179 n. 1 (Fla. 4th DCA 2006). “When a vehicle is jointly occupied, a defendant’s ‘[mjere proximity to contraband is insufficient to establish constructive possession.’ ” Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006) (quoting Skelton v. State, 609 So.2d 716, 717 (Fla. 2d DCA 1992)). “Knowledge of and ability to control the contraband cannot be inferred solely from the defendant’s proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant’s knowledge and ability to control the contraband.” Id.
In the instant case, the State met its burden with respect to the knowledge element of the offense. The officers testified that appellant was in the driver’s seat of the truck and the marijuana was in a compartment in the dash in plain view. The fact that the drugs were openly within appellant’s line of sight is evidence from which appellant’s knowledge of the presence of the marijuana may be inferred. See Brown v. State, 428 So.2d 250, 252 (Fla.1983) (finding fact that drugs were in open view provided evidence of knowledge of the same).
This, then, brings us to the matter of dominion and control. Knowledge of the presence of the drugs and the ability to exercise dominion and control over the drugs are not the same thing. See Jean v. State, 638 So.2d 995, 996 (Fla. 4th DCA 1994) (recognizing that knowledge and dominion and control are separate elements and stating that “ [i]t is conceivable that an accused might be well aware of the presence of the substance but have no ability to maintain control over it”). In the case law, the concepts of “dominion” and “control” involve more than the mere ability of the defendant to reach out and touch the item of contraband.
Martoral v. State, 946 So.2d 1240, 1242-43 (Fla. 4th DCA 2007). In the probation revocation context, too, “[i]f contraband is found in a place that is in joint, rather than exclusive, possession of a defendant, the defendant’s knowledge of the contraband’s presence and the ability to control it cannot be inferred from the defendant’s proximity to the contraband, but must be established by independent proof,” Hill, 873 So.2d at 493, albeit only by a preponderance.
In the present case, while the evidence was sufficient to prove actual possession by the passenger in the back seat,[2] there was no evidence that would support a finding that Mr. Corker was himself simultaneously in constructive possession of the same marijuana. An officer did testify at the revocation hearing that Mr. Corker said, “I know she did this stuff. I shouldn’t have let her in my truck.” Even if this was sufficient proof of actual knowledge that marijuana was present in the vehicle, it was insufficient to prove that *962 appellant had the ability to maintain dominion and control of the marijuana at any time. There was no proof that Mr. Corker saw the marijuana before the police search or that it was ever within his reach. The state failed to carry its burden to prove constructive possession at the revocation hearing by a preponderance of the evidence. See Player v. State, 949 So.2d 306, 307 (Fla. 1st DCA 2007); Martoral, 946 So.2d at 1243-44.
Reversed and remanded.
PADOVANO, J., concurs; WOLF, J., concurs with opinion.

. The court ruled that condition (12) was "not a basis” to find a violation of probation because Appellant "had more time” to pay the required fees and costs. For reasons that arc unclear, the written revocation order did find violations of condition (12) but the state does not rely on these violations on appeal and acknowledges that they appear to be scrivener's errors.

. One witness testified he knew the marijuana belonged to the female passenger.