LEVINE, J.
 

 The issue we consider is whether the trial court should have given a special jury instruction regarding “mere presence” at a crime scene or whether the standard jury instruction regarding principal or independent acts was sufficient. We find the standard jury instruction given in this case was sufficient and affirm the conviction for first degree murder.
 

 In May 2003, appellant went to a lounge in Miramar with three other individuals: Jason, Claud, and “Jaja.” When the four men left the lounge hours later, an incident took place in the lounge parking lot. Appellant was struggling with a man, and Claud walked over to them with a gun. Appellant released the man, who got into a car and started to drive in reverse. Claud asked the man where he was going and then fired four to six shots at the driver. Appellant asked Claud, “What the hell are you doing?”
 

 Jaja also had a gun and held a second individual in a chokehold with appellant’s help. Jaja then shot the other man when he tried to break free. Claud walked over, shot this second individual again, and took a gold necklace from around the victim’s neck. Claud was identified as using an AK-47, and at no time was appellant seen holding or using a firearm of any type. Claud then threatened to shoot Jason when Jason could not find the keys to the vehicle. Appellant found the keys and drove Claud, Jaja, and Jason away from the lounge. Later, appellant told Claud to “handle the situation” if Jason got “any funny ideas.” Jason subsequently avoided appellant, Jaja, and Claud, and eventually Jason moved to the Tampa area about four to five months after the shooting.
 

 
 *814
 
 As a result of the shooting, victim Am-rall Johnson was in a coma for three to five months, and victim Lloyd Bartley died as a result of being shot in the chest. After a jury trial, appellant was convicted of first degree murder of Bartley and acquitted of attempted felony murder of Johnson. Appellant was sentenced to life in prison, and this appeal ensues.
 

 At the charge conference during the jury trial, appellant moved for a special jury instruction that stated that the “mere presence of Taylor Peters at the scene of the crimes and knowledge that those crimes were being committed is not sufficient ... to establish that Taylor Peters aided and abetted the criminal offenses charged.” The trial court declined to give the special instructions requested by appellant and instead read Florida Standard Jury Instruction (Criminal) 3.5(a):
 

 If the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person or persons did if:
 

 1. the defendant had a conscious intent that the criminal act be done and
 

 2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person or persons to actually commit or attempt to commit the crime.
 

 To be a principal the defendant does not have to be present when the crime is committed or attempted.
 

 Standard jury instructions are “presumed correct and are preferred over special instructions.”
 
 Brown v. State,
 
 11 So.3d 428, 432 (Fla. 2d DCA 2009) (quoting
 
 Stephens v. State,
 
 787 So.2d 747, 755 (Fla.2001)). Using “standard jury instructions does not relieve the trial court of its obligation to determine whether the standard instructions accurately and adequately state the law.”
 
 Id.
 
 If the trial court determines that the instruction is “erroneous or inadequate,” the court may then modify the standard jury instruction as the “trial judge shall determine to be necessary to instruct the jury accurately and sufficiently.” Fla. R.Crim. P. 3.985.
 

 We review the refusal of the trial court to give the defendant’s special instruction under the abuse of discretion standard. “When a trial court denies a defendant’s request for a special instruction, the defendant has the burden of showing on appeal that the trial court abused its discretion in giving the standard instruction.”
 
 Brickley v. State,
 
 12 So.3d 311, 313 (Fla. 4th DCA 2009).
 

 A trial court’s failure to give a requested jury instruction is error if the following three elements are satisfied: “(1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing.”
 

 Id.
 
 (quoting
 
 Stephens,
 
 787 So.2d at 756).
 

 The parties contest whether the standard jury instruction on “principals” adequately explained the law and appellant’s theory of defense. Appellant claims that the standard jury instruction did not adequately explain that “mere presence” at a crime is insufficient to prove criminal complicity.
 

 This court has previously stated when “faced with a defense request to give a ‘mere presence’ instruction ... that the matter was “well covered’ by the instruction on principals.”
 
 Parker v. State,
 
 795 So.2d 1096, 1100 (Fla. 4th DCA 2001) (quoting
 
 Wolack v. State,
 
 464 So.2d 587, 588 (Fla. 4th DCA 1985)). In
 
 McGuire v. State,
 
 639 So.2d 1043, 1047 (Fla. 5th DCA
 
 *815
 
 1994), the defendant requested a special instruction in a first degree murder trial that stated that mere presence at the scene of a crime does not mean that an “accused knew a crime was going to be committed.” The court found that the standard jury instruction was not error, and in fact, “[i]t is preferable that the standard jury instruction be given if it explains the law.”
 
 Id.
 
 Thus, the refusal to give proposed instructions is not error “when the proposed instructions add nothing to the standard instructions.”
 
 Williams v. State,
 
 492 So.2d 1888, 1389 (Fla. 1st DCA1986).
 

 For all the foregoing reasons, we affirm the conviction and sentence.
 

 Affirmed.
 

 TAYLOR and GERBER, JJ., concur.