KHOUZAM, Judge.
 

 Jarod J. Butera appeals an order revoking probation after the trial court found that he had violated the terms of his probation by possessing cocaine and marijuana. Because neither violation was established by the greater weight or preponderance of the evidence, we reverse the order revoking Butera’s probation.
 

 Shortly after being placed on probation, Butera was arrested for possession of cocaine and possession of marijuana. But-era’s arrest led to the filing of an affidavit of violation of probation. The affidavit alleged that Butera had committed the offenses of possession of cocaine and possession of cannabis, thereby resulting in two violations of the condition of Butera’s probation that required him to live without violating the law. The matter proceeded to a revocation hearing.
 

 Evidence introduced at the revocation hearing revealed that the incident giving rise to Butera’s arrest occurred on June 3, 2009. On that date, Butera was the sole backseat passenger of a vehicle that was stopped for a traffic violation. The other occupants of the vehicle included the driver and a female passenger who was sitting in the front seat of the vehicle at the time of the traffic stop.
 

 At the revocation hearing, the driver and the female passenger were called as witnesses but they invoked their right to remain silent. The detective who had ar
 
 *942
 
 rested Butera and had spoken to the vehicle’s occupants testified that he stopped the vehicle for running a red light and that as he talked to the driver he “could detect the presence of marijuana” — he smelled marijuana. The detective testified that he asked the driver of the vehicle about the odor and that the driver indicated that he had previously smoked in the vehicle but that he was not “currently smoking in it.”
 

 The detective testified that he then conversed with the female front-seat passenger. He testified that the female passenger told him that there were drugs in the back of the car, that Butera had hidden something under her seat, and that Butera had given her certain items of drug paraphernalia to hide from the police when they were pulled over by law enforcement. The female passenger gave the drug paraphernalia to the detective.
 
 [1]
 

 The detective testified that he also conducted a search of Butera’s person, but that he did not find any contraband. The detective then searched the vehicle. During the search of the vehicle, the detective found a “small bag” containing crushed pills, a “small baggie” containing marijuana, and a “small baggie” containing cocaine. The detective found all of these items in a compartment on the back of the passenger-side front seat when he pulled the compartment forward. Butera had been sitting directly behind the passenger-side front seat when the vehicle was stopped.
 

 The detective arrested Butera for possession of cocaine and possession of marijuana, but he did not arrest the driver or the female passenger. The detective testified that the main reason he arrested But-era and not the others was the proximity of the drugs in relation to where Butera had been sitting.
 

 After hearing the evidence, the trial court found that Butera had committed the two violations alleged in the affidavit, and it revoked Butera’s probation.
 

 The revocation of Butera’s probation was predicated upon his commission of two offenses — possession of cocaine and possession of cannabis. “[Wjhere the revocation is predicated upon the commission of a crime, mere suspicion that the probationer was involved in criminal activity does not suffice.”
 
 Miller v. State,
 
 420 So.2d 681, 633 (Fla. 2d DCA 1982). On the other hand, “evidence to support a criminal conviction is not necessary to sustain a probation revocation order.”
 
 Id.
 
 at 632-33. Rather, a trial court may revoke a defendant’s probation if “the probationer’s criminal activity is shown by the greater weight of the evidence.”
 
 Swift v. State,
 
 473 So.2d 818, 819 (Fla. 2d DCA 1985).
 

 The greater weight or preponderance of the evidence presented at the revocation hearing did not demonstrate that Butera committed either of the offenses alleged in the affidavit of violation. Because the cocaine and cannabis were not found on Butera’s person or in his exclusive possession, the evidence had to establish constructive possession. Generally, in order to establish constructive possession of a controlled substance at the time these alleged violations occurred, the evidence had to demonstrate (1) that the defendant knew of the presence of the contraband and (2) that he or she had the ability to maintain dominion and control over the controlled substance.
 
 See Links v. State,
 
 927 So.2d 241, 243 (Fla. 2d DCA 2006).
 

 The State presented evidence of Butera’s proximity to the contraband. However, even in the context of a probation revocation proceeding, a defendant’s
 
 *943
 
 knowledge of the presence of contraband and ability to control it cannot be inferred from the defendant’s proximity if the contraband is found in a location that is in joint, rather than exclusive, possession of the defendant.
 
 Corker v. State,
 
 31 So.3d 958, 961 (Fla. 1st DCA 2010). These elements must be established by independent proof, albeit only by a mere preponderance of the evidence.
 
 Id.
 

 The State presented evidence that the detective smelled the odor of marijuana as he talked to the driver of the vehicle, and that when asked about the odor the driver indicated that he had previously smoked in the vehicle. The State also presented hearsay evidence concerning the female passenger’s conversation with the detective, wherein she claimed that Butera had given her drug paraphernalia to hide from the police, that Butera had hidden something under her seat, and that there were drugs in the back of the car.
 
 [2]
 

 See Johnson v. State,
 
 962 So.2d 394, 396-97 (Fla. 2d DCA 2007). But this hearsay evidence did not provide sufficient proof of Butera’s knowledge of and ability to control the cocaine or the marijuana found in the vehicle to support the revocation.
 

 The greater weight or preponderance of the evidence presented at the revocation hearing did not establish Butera’s knowledge of or his dominion and control over the cocaine or the marijuana found in the vehicle. Accordingly, we reverse.
 

 Reversed.
 

 NORTHCUTT and MORRIS, JJ., Concur.
 

 [1]
 

 . The affidavit of violation did not rely upon or charge possession of paraphernalia.
 

 [2]
 

 . We note that the State did not introduce any evidence with respect to whether the paraphernalia tested positive for the residue of cocaine or marijuana. We also note that the State did not introduce any direct, nonhear-say evidence linking the paraphernalia to But-era.