POLEN, J.
 

 Guilloux Blanchard appeals his judgment, convicting him of trafficking in cocaine, possession of cannabis, and possession of drug paraphernalia. We affirm.
 

 While driving, Blanchard and his passenger, General Graham, were stopped by Detective Wooddell. At trial, Wooddell testified that he initiated the stop because he recognized Graham as a known drug dealer, who had an outstanding warrant and a history of possession with intent to deliver narcotics; Wooddell did not know Blanchard. Wooddell further testified that as he approached the car from the rear, he noticed Blanchard “manipulate” the center console. He did not see Blanchard lift open the console or put anything in it; he only saw Blanchard slam the console shut. According to Wooddell, Graham did not touch the center console. When Wooddell approached the vehicle, he noticed two small baggies of marijuana in the driver side door. Wooddell escorted Blanchard out of the vehicle and retrieved the marijuana. Wooddell then searched the vehicle and found a bag of cocaine in the center console, along with a sock containing smaller baggies and a digital scale. Photographs of the center console were admitted into evidence. The photographs show a sock on top of a large bag of cocaine; however, the sock did not cover the entire bag. Thus, the cocaine was visible upon opening the center console.
 
 *311
 
 Blanchard was the registered owner of the vehicle.
 

 After the defense rested, Blanchard renewed his previous motion for judgment of acquittal, arguing that the drugs in the console could have been put there by Graham, a known drug dealer. The trial court denied the motion.
 

 The denial of a motion for judgment of acquittal is reviewed
 
 de novo. Reynolds v. State,
 
 934 So.2d 1128, 1145 (Fla.2006). A jury’s verdict may be overturned on appeal if no rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.
 
 Jackson v. State,
 
 995 So.2d 535, 538 (Fla. 2d DCA 2008). Where a conviction is based wholly on circumstantial evidence, a motion for judgment of acquittal should be granted if the State fails to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt.
 
 Reynolds,
 
 934 So.2d at 1146. However, “[t]he state is not required to ‘rebut conclusively every possible variation’ of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.”
 
 Id.
 
 (quoting
 
 Darling v. State,
 
 808 So.2d 145, 156 (Fla.2002)).
 

 “To convict a defendant for possession of a controlled substance under a constructive possession theory, the State must prove that ‘the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same.”
 
 Brown v. State,
 
 8 So.3d 1187, 1188 (Fla. 4th DCA 2009) (quoting
 
 Martoral v. State,
 
 946 So.2d 1240, 1242 (Fla. 4th DCA 2007)). Knowledge of and ability to control the contraband cannot be inferred solely from the defendant’s proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant’s knowledge and ability to control the contraband, which may consist of “evidence of incriminating statements or actions, or other circumstances from which a jury might lawfully infer the defendant’s actual knowledge of the presence of contraband.”
 
 Id.
 
 at 1189 (quoting
 
 Earle v. State,
 
 745 So.2d 1087, 1089 (Fla. 4th DCA 1999)).
 

 Blanchard relies on
 
 Brown
 
 and argues that the trial court reversibly erred in denying his motion for judgment of acquittal because his closing of the center console is insufficient evidence to prove that he had knowledge of, and dominion and control over, the drugs and paraphernalia found in the center console. The State argues that
 
 Brown
 
 is distinguishable because in
 
 Brown,
 
 the seized drugs were located inside of a closed jewelry box which was inside the center console and because the vehicle in
 
 Brown
 
 was a rental car and Brown was not listed on the rental agreement. We agree with the State that
 
 Brown
 
 is distinguishable from the facts of the present case and affirm.
 

 In
 
 Brown,
 
 after a stop of Brown’s vehicle, an officer approached the passenger side of Brown’s car and observed Brown make a move towards, and close, the car’s center console.
 
 Id.
 
 at 1188. When the car was searched, police found, among other incriminating items, a black jewelry box in the car’s center console.
 
 Id.
 
 Inside the jewelry box, the police found Xanax.
 
 Id.
 
 Brown was convicted of possession of cocaine with intent to sell and possession of Xanax.
 
 Id.
 
 at 1187. Brown moved for a judgment of acquittal on the possession of Xanax charge, arguing that the evidence was insufficient to establish that Brown had knowledge of the jewelry box and its contents or the ability to exercise dominion and control over the same; the trial court denied the motion.
 
 Id.
 
 at 1188. On appeal, this court reversed Brown’s conviction for possession of Xanax, holding that
 
 *312
 
 the officer’s testimony suggesting that Brown was closing the console was insufficient to demonstrate that he had knowledge of the contents of a jewelry box contained therein, let alone the ability to exercise dominion and control over the same.
 
 Id.
 

 Brown
 
 is distinguishable to the facts of this case. In
 
 Brown,
 
 the car was rented and Brown’s name did not appear on the rental agreement; here, Blanchard owned the vehicle. More importantly, however, in
 
 Brown,
 
 the evidence was found inside of a closed black jewelry box, which was inside the center console.' As such, it can be reasonably inferred that Brown was not aware of the contents of the jewelry box even if he was aware that the jewelry box was in the center console. Here, the cocaine was not similarly situated; instead, it was found partially underneath a sock, with some of the bag not being covered by the sock. Thus, unlike
 
 Brown,
 
 the evidence was immediately visible upon opening the center console. In other words, the cocaine was in plain view before the top of the console was closed by Blanchard. Thus, it can be inferred that Blanchard had knowledge of the cocaine.
 
 See Corker v. State,
 
 31 So.3d 958, 961 (Fla. 1st DCA 2010) (holding that “[t]he fact that drugs were openly within appellant’s line of sight is evidence from which appellant’s knowledge of the presence of the [drugs] may be inferred.”). Because Blanchard was seen manipulating the center console, under the facts of this case, it can be reasonably inferred that Blanchard was exercising control over the cocaine by concealing it from the plain view of the officer. Thus, the evidence presented by the State was sufficient to overcome Blanchard’s reasonable hypothesis of innocence. Consequently, the trial court correctly denied Blanchard’s motion for judgment of acquittal.
 

 Affirmed.
 

 WARNER and CONNER, JJ., concur.