EDWARDS, J..
Johnson Session (“Appellant”) appeals the trial court’s denial of his motion for judgment of acquittal regarding possession of a controlled substance. Because the State’s only evidence of constructive possession by Appellant was his proximity to the controlled substances, we reverse.
Police observed Appellant and another individual in an automobile that was not owned by either occupant. Appellant, who was sitting in the driver’s seat, was rolling a joint while the other occupant sat in the front passenger seat.[1] The car keys were in the ignition. As the police officer approached, he noted that the driver-side door was open and the interior lights were on. The officer observed several baggies containing crack cocaine and one baggie containing morphine in plain view on the car’s center console, which was within equal distance to Appellant and the other occupant.[2] Although the baggies were easily within reach of both occupants, no physical evidence, such as fingerprints or DNA, was offered to prove that either occupant touched any of the baggies. Neither occupant made any inculpatory statements. Given that the foregoing was the *380 totality of the evidence regarding Appellant’s possession of the contraband, we agree with Appellant that the trial court erred in denying his motion for judgment of acquittal.
Prosecution based upon constructive possession where there is more than one possible possessor present and the contraband is within reach of each, has been the subject of prior reported decisions. See Smith v. State, 175 So.3d 900, 903 (Fla. 1st DCA 2015); Harris v. State, 954 So.2d 1260, 1262 (Fla. 5th DCA 2007); Martoral v. State, 946 So.2d 1240, 1243 (Fla. 4th DCA 2007); Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006).[3] Those decisions set forth the two elements that the State must prove: first, the defendant knew the contraband was present, and second, that the defendant had the ability to exercise dominion or control over it. Appellant does not argue that there was insufficient evidence to establish his knowledge that contraband was present, but he submits that the state failed to prove the second element.
Although courts use the phrase “the ability to exercise dominion or control,” none of them mean it in the most simplistic sense. If “ability” to exercise dominion or control was enough, then proving simply that the defendant could reach out and grab the contraband would suffice on the second element of constructive possession; however, that is not the law. Courts have held that a defendant’s “mere proximity” to the contraband, without more, is insufficient proof of the defendant’s ability to exercise dominion or control over it. See Smith, 175 So.3d at 903; Harris, 954 So.2d at 1262; Martoral, 946 So.2d at 1242; Hargrove, 928 So.2d at 1256.
Because the State in the instant case only proved that Appellant and the other occupant had equal proximity to the contraband, and nothing more, the second element of constructive possession was not established. See Martoral, 946 So.2d at 1243 (“Nothing in the evidence before the trial court tied the [contraband] to appellant as opposed to the passenger.”). Therefore, the trial court erred in denying Appellant’s motion for judgment of acquittal. We reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ORFINGER and COHEN, JJ., concur.

. Appellant is hot appealing his conviction for possession of cannabis, not more than 20 grams.

. Chemical testing confirmed the nature of each substance,

. The State’s burden of proving both elements is typically beyond a reasonable doubt; however, Martoral v. State, 946 So.2d 1240, 1243 (Fla. 4th DCA 2007), involved a violation of probation hearing in which the state failed to meet its burden, which was only the preponderance or greater weight of the evidence.